## SMAIL ET AL. *v.* INDIANAPOLIS MORTAR AND FUEL COMPANY ET AL.

### [No. 6,943. Filed January 12, 1910.]

1. MECHANICS' LIENS. — *Priorities.* — *Cross-Complaint.* — *Issues.* — *Special Findings.*—Where a complaint is filed for the foreclosure of a mechanic's lien, and the defendants severally file cross-complaints making the plaintiff and their respective codefendants defendants thereto, each alleging that the liens of the others are subordinate to his, a special finding that a named defendant, in writing, waived his priority in order that the owner might se-

Smail *v.* Indianapolis Mortar, etc., Co.—45 Ind. App. 160.

cure a loan from the defendant building and loan association, is within the issues. p. 161.

2. APPEAL.— *Affirmance.— Right Results.—* A judgment, clearly right, will not be reversed. p. 162.

3. APPEAL.—*Briefs.—Presentation of Questions.—Change of Venue.* —Where the record shows that a motion for a change of venue was both sustained and overruled, and the party's brief does not conform to the rules in presenting the question discussed, the Court may disregard such question. p. 162.

From Superior Court of Marion County (73,071) ; *Bernard Korbly,* Special Judge.

Cross-complaints by the Indianapolis Mortar and Fuel Company and others against Marion Smail and others. From the decrees entered, defendant Smail and others appeal. *Affirmed.*

*W. W. Caffrey,* for appellants.

*C. E. Fenstermacher,* for appellees.

ROBY, J.—This suit is for the foreclosure of a mechanic's lien. The Indianapolis Mortar and Fuel Company, the Dalton Lumber Company and Joshua M. Moore filed cross-complaints, in which they each claimed and sought to foreclose a mechanic's lien upon the real-estate described in the complaint, and the Parnell Building and Loan Association filed its cross-complaint for the foreclosure of a mortgage held by it thereon.

Each of these parties averred that the liens of the others were junior and subordinate. Issues were formed, and upon request the court made a special finding of facts and stated conclusions of law thereon, fixing the priority of the various liens to which it found the parties entitled.

The court found, in addition to facts upon which the liens claimed by the various parties depend, that Joshua M. Moore, in order to induce the building and loan asso-

1. ciation to make a loan to the owner of the lot and building thereon, executed a written waiver of his right to a lien. It is claimed that this finding is without the

issue, and must be disregarded, and that therefore the conclusion of law subordinating the claim of said Moore was unwarranted. There are two reasons why this position is untenable: (1) The finding is not outside the issue, but was pertinent to the priority claimed by the several parties in their respective cross-complaints, being indeed the finding of a fact essential to the correct determination of that issue; (2) the result reached is absolutely correct, and when that is the case there can be no reversal. §700 Burns 1908, §658 R. S. 1881.

Appellant Smail, who was the owner of the real estate upon which said liens were foreclosed, filed an affidavit for a change of venue. The record shows that such motion was both overruled and sustained. The appellants' brief does not conform to the rules of this court, and in the state of the record such failure furnishes a sufficient reason for refusing to consider the point made.

The judgment is affirmed.